UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-8289-WM

UNITED STATES OF AMERICA

v.

RODZEBIES JERMINE SMITH,

    Defendant.

_____/

FILED BY SP D.C.

May 23, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)?  ☐ Yes  ☑ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ☑ No

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ☑ No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY: /s/ Katie Sadlo
KATIE SADLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 209-1043
Fax:   (561) 805-9846
Email:  Katie.Sadlo@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 25-mj-8289-WM |
| RODZEBIES JERMINE SMITH, | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

**FILED BY** SP **D.C.**
**May 23, 2025**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 9, 2025** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of Firearm by Convicted Felon |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Darrell L. Stephens, ATF
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: May 23, 2025

*Judge's signature*

City and state: West Palm Beach, FL

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF
## DARRELL L. STEPHENS
## SPECIAL AGENT
## BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES

Your affiant, Darrell L. Stephens, first being duly sworn, does hereby depose and state as follows:

1. Your affiant, Darrell L. Stephens is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since December 2015. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. In my capacity as an ATF Special Agent, I have received specialized training and experience in the investigation of federal firearms offenses.

2. This affidavit is submitted in support of an Application for a Criminal Complaint and an Arrest Warrant for **Rodzebies Jermine Smith (hereinafter "SMITH")**, for violating federal law, that is, possession of a firearm and ammunition as a prohibited person – convicted felon, contrary to Title 18, United States Code, Section 922(g)(1).

3. Prior to my service as an ATF Special Agent, I spent ten years as a certified law enforcement officer in Georgia. That period included time as a narcotics detective for the Clayton County Police Department in the Metro-Atlanta area. I also served as a road patrol officer in Clayton County and for the Hapeville Police Department in Hapeville, Georgia. Prior to serving with those two police departments, I was employed as a campus police officer with the Georgia Institute of Technology. I was terminated in January 2008 for untruthfulness and conduct unbecoming of an officer. I appealed my termination, and an Impartial Board of Review unanimously recommended that I be reinstated to my position as a campus police officer. The Board of Review determined that I was not untruthful, and the grounds of my termination were unfounded. The recommendation however was overruled by the institution's president despite the

factual findings and unanimous decision by the Impartial Board of Review. Furthermore, the Georgia Peace Officers Standards and Training Counsel investigated my termination and determined there were no grounds for the revocation of my certification as peace officer. Prior to becoming a campus police officer, I was employed as a detention officer with the Lowndes County Sheriff's Office in Valdosta, Georgia. I am also a graduate of Valdosta State University, from which I obtained a bachelor's degree in criminal justice.

4. The following facts are based upon information relayed to me by other members of law enforcement, including through law enforcement reports, information obtained from expert reports, and information derived from law enforcement sources and databases. This affidavit is submitted for the limited purpose of establishing probable cause and does not include every detail known to me about the investigation.

## **PROBABLE CAUSE**

5. On May 9th, 2025, at approximately 9:49 p.m., members of the Riviera Beach Police Department were dispatched to the area of 2924 Avenue S, Riviera Beach, Florida, 33404 (Sam's Food Store) in reference to a shot fired call. Officers were advised that the suspect was just outside the store when he fired one round from a firearm. Officers were also advised that three additional shots had been fired from Cunningham Park (1655 W 30th Street), the park across the street from Sam's Food Store, and that the shots possibly came from the same suspect.

6. While canvassing the area, an officer was advised by a citizen (Citizen 1) that the suspect was a black male with a black shirt and that the suspect was still in the park. At approximately the same time, the officer was approached by a Hispanic male, later identified as J.G., who advised he had just been robbed. Citizen 1 subsequently advised that the suspect was walking southbound on Avenue "S" and motioned towards the southwest side of a nearby

intersection. At that time, that officer saw a black male wearing a black t-shirt and jean shorts walking southbound with a female.

7. At approximately 9:58 p.m., other officers made contact with the black male wearing a black t-shirt and jean shorts and observed that the male had an unknown object that appeared to be a firearm under his arm. The male was placed under arrest and taken into custody. While detaining the male, later identified as SMITH, officers observed a black semi-automatic pistol in his waistband. Officers secured the firearm in the lock box of a patrol vehicle. The firearm was later identified as a Smith and Wesson M&P Shield 9mm pistol bearing serial number JDV3919 (the "Smith and Wesson Firearm").

8. Officers subsequently interviewed the Sam's Food Store clerk, P.P. During a sworn statement, P.P. stated she saw a black male with a firearm walking through the store. She then saw the same male open the front door, raise the gun, and fire one round into the air. Officers presented a photographic array to P.P. The array was comprised of six (6) photographs of males with similar characteristics and features. P.P. positively identified SMITH as the individual who discharged the firearm.

9. Officers also interviewed the victim of the robbery, J.G. In a sworn statement, J.G. advised he was approached by an unknown black male who asked him for some change. J.G. stated as he reached into his bag, the black male attempted to snatch it. J.G. advised the two struggled, but the black male eventually overpowered him and took possession of the bag. J.G. advised he immediately fled the scene on foot. J.G. stated he did not know, nor has he ever seen the suspect before. J.G. also provided officers with the make, model, and serial number of his stolen firearm as well as how many rounds were in the magazine at the time it was stolen. J.G.'s description of his stolen firearm matched the description of the firearm found in SMITH's waistband. Officers

presented a photographic array to J.G., but he could not positively identify SMITH as the individual who robbed him.

10. A review of the surveillance video from the store revealed the following: At approximately 9:44 p.m. a black male wearing a black shirt and jean shorts matching SMITH'S description walks up to a Hispanic male wearing a black shirt with a ponytail. The male matching SMITH'S description is seen grabbing a black bag held by the Hispanic male, leading to a struggle between the two. The two fall to the ground and the black male stands over the Hispanic male pulling at the bag. The male matching SMITH'S description eventually gains control of the bag and the Hispanic male runs away. The male matching SMITH'S description opens the bag, removes what appears to be a firearm from the bag, and enters the store. Approximately three (3) to four (4) minutes later, the same male matching SMITH'S description opens the front door of the store, leans outside of the front door, raises a firearm into the air and fires one round. Less than one minute later, the male is seen walking westbound through the parking lot exiting the camera's view.

11. During a post-Miranda interview, SMITH advised a Hispanic male with a ponytail approached him while holding a black bag. According to SMITH, the Hispanic male pulled a black firearm from the bag and pointed it at him. SMITH stated he grabbed the firearm, disarmed the Hispanic male, and placed the firearm in his waistband and walked away from the area. SMITH stated he gave the black bag to a female he was walking with and kept the firearm for personal protection. SMITH denied firing the firearm at the store.

12. A criminal history records check for SMITH revealed that he was convicted of the following felony crimes, prior to May 9, 2025, all of which were punishable by imprisonment for a term of more than one year:

    a. On or about March 16, 2015, the defendant was adjudicated guilty of Robbery/Carjacking/Armed in Miami Dade, Florida Circuit Court Case No. 132012CF0321060001XX and sentenced to 10 years in the Florida Department of Corrections (DOC).

    b. On or about May 1, 2014, the defendant was adjudicated guilty of (1) felon in possession of a firearm, (2) carrying concealed firearm, and (3) possession of cocaine, in Palm Beach County, Florida Circuit Court Case No. 502012CF013899AXXXMB and sentenced to a total of eight years in the Florida DOC.

    c. On or about November 2, 2010, the defendant was adjudicated guilty of (1) burglary of structure or conveyance, (2) grand theft, (3) burglary of structure or conveyance, (4) grand theft, (5) battery on a law enforcement officer, (6) leaving scene of crash, (7) resisting officer without violence, and (8) reckless driving, in Palm Beach County, Florida Case No. 502010CF007615AXXXMB and sentenced to a total of 2 years in the Florida DOC.

13. At the time SMITH possessed the Smith and Wesson Firearm, he had served more than a year in Florida state prison and had previously been convicted of being a felon in possession of a firearm. Therefore, he knew at the time of possession that he was a felon.

14. On May 20, 2025, ATF SA Brett Smith, who has received specialized training in Firearm Interstate Nexus testimony from ATF, examined photographs of the Smith and Wesson Firearm recovered from SMITH's waistband. SA Brett Smith determined that the Smith and Wesson Firearm was manufactured outside the state of Florida, and that therefore, by its

subsequent recovery in the State of Florida, such item necessarily traveled in and affected interstate and/or foreign commerce.

## CONCLUSION

15. Based upon the above facts and information, your affiant respectfully submits that there is probable cause to charge RODZEBIES JERMINE SMITH with being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, § 922(g)(1).

FURTHER YOUR AFFIANT SAITH NAUGHT.

DARRELL L. STEPHENS
SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

Sworn and Attested to before me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 23rd day of May, 2025.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: RODZEBIES JERMINE SMITH

**Case No**: 25-mj-8289-WM

Possession of Firearm by Convicted Felon

In violation of 18 U.S.C. § 922(g)(1)
* **Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.